IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

STARSHA SEWELL,

    Plaintiff,

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,

    Defendant.

Case No.: GJH-16-2456

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Starsha Sewell[1] brings this case against Defendant Washington Metropolitan Area Transit Authority ("WMATA"), alleging that it engaged in discriminatory employment practices in violation of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* ECF No. 1.[2] Pending before the Court are the following motions: Defendant's Motion to Dismiss, ECF No. 7; Plaintiff's Motion to Strike Defendant's "Out of Time" Motion to Dismiss, ECF No. 11; Plaintiff's Opposition to Defendant's "Out of Time Reply" to Plaintiff's Motion for Reconsideration, ECF No. 12; Plaintiff's Motion to Strike Defendant's Untimely Opposition, ECF No. 17; and Plaintiff's Motion to Strike Defendant's Second Untimely Opposition, ECF No.

---

[1] Any claims that Plaintiff attempts to bring on behalf of Linda Mercer will not be considered by the Court because, outside of circumstances not present here, a pro-se litigant may not represent the interests of another individual. See *Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x 659, *1 (4th Cir. 2004) (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (discussing potential exception to the rule in the context of estate proceedings).

[2] In a prior Order, the Court dismissed for lack of subject matter jurisdiction all claims regarding an alleged conspiracy and public corruption resulting in Plaintiff's loss of the custody of her children. ECF No. 3. In a second Order on August 29, 2016, the Court reiterated its dismissal of Plaintiff's additional claims and emphasized that "only the employment discrimination claim against Washington Metropolitan Area Transit Authority" would be allowed to proceed. ECF No. 10 at 3.

1

19. These issues have been fully briefed and a hearing is unnecessary. Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, the Court will grant Defendant's Motion to Dismiss and will deny all of Plaintiff's pending motions.

## I. BACKGROUND[3]

Plaintiff was employed by WMATA from February 8, 2010 through September 2012. ECF No. 1 at 5.[4] Plaintiff alleges that WMATA employees engaged in a series of discriminatory employment practices against her, both during her employment with the agency and when she attempted to re-apply for a position after her departure. *See generally* ECF No. 1.

From June 16, 2011 through November 4, 2011, Plaintiff was unable to work due to medical issues. *Id.* at 3. Plaintiff alleges that Dr. Gina Pervall[5] discriminated against her because of a prior disability by refusing to provide her with documentation necessary to return to work until January 25, 2012, even though Plaintiff had passed a medical and drug test administered by another doctor on November 7, 2011. *Id.* Plaintiff further alleges that Dr. Pervall obstructed Plaintiff's employment opportunities in retaliation for Plaintiff engaging in protected activities with her union regarding the delayed reinstatement. *Id.* at 4.

In April 2012, Plaintiff applied for a position as "Sr. Organizational Training Consultant" with WMATA, but was removed from consideration by Tiquisha Harris. *Id.* at 8. On July 6, 2012, Plaintiff filed a formal complaint of employment discrimination with WMATA and, on the same day, was invited to engage in an informal meeting with an official from the human resources department concerning her allegations. *Id.* On July 11, 2012, Plaintiff received a

---

[3] Unless stated otherwise, all facts are taken from Plaintiff's Complaint or documents attached to and relied upon in the Complaint, and are accepted as true.
[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to page numbers generated by that system.
[5] Throughout the Complaint, Plaintiff references a variety of individuals, including Dr. Pervall, without explaining their role with WMATA.

"generic" letter regarding her concerns, which "did not…hold Tiquisha Harris accountable for discriminating against [Plaintiff] in the hiring process." *Id.* On July 31, 2012, Plaintiff declined to continue with WMATA's voluntary dispute resolution process and requested to move forward with filing a formal complaint against WMATA. *Id.* at 9.

Plaintiff further alleges that on July 29, 2012, Amy Quillen, motivated by racial discrimination and in retaliation against Plaintiff for engaging in protected activities, such as filing a WMATA internal complaint, conducted an unauthorized background check of Plaintiff. *Id.* Finally, on August 9, 2012, Plaintiff alleges that James Wynne discriminated against Plaintiff because of her sex when he denied Plaintiff's request for a formal charge of discrimination. *Id.* Plaintiff filed a charge with the EEOC regarding violations of her rights under Title VII and the ADA on August 28, 2012. *Id.* at 5.[6] On July 16, 2013, the EEOC reached a final decision in Plaintiff's case. *Id.*

On October 25, 2013, Plaintiff applied for the position of "Director of Customer Care" with WMATA. *Id.* at 5-6. Plaintiff states that she was "qualified to fill [the] position." *Id.* at 6. On October 28, 2013, Plaintiff was denied consideration for the position, allegedly in retaliation for her engagement in protected activities, including filing a charge of discrimination with the EEOC, filing an internal complaint with WMATA, and raising her discrimination concerns with her union. *Id.* at 6. Plaintiff further alleges that she was denied consideration based on her sex and race. *Id.*

Plaintiff filed an additional charge with the EEOC and was issued a right to sue letter on June 10, 2016. *Id.* at 1; *see also* ECF No. 1-1.[7]

---

[6] Neither party has submitted a copy of Plaintiff's 2012 EEOC Charge of Discrimination to the Court. Therefore, it is unclear what specific charges Plaintiff raised in those proceedings.

[7] As with the Plaintiff's 2012 EEOC Charge, neither party has submitted a copy of Plaintiff's second EEOC Charge of Discrimination to the Court. Thus, it is unclear what specific charges Plaintiff raised in those proceedings as well.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss invoking Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

Fed. R. Civ. P. 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Although pleadings of self-represented litigants must

be accorded liberal construction, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a cognizable claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION[8]

### A. ADA Claims

Plaintiff alleges that Defendant violated her rights under the ADA by delaying her ability to return to work because of a prior disability and then retaliated against her by obstructing her employment opportunities when she raised her concerns about discrimination to her union. ECF No. 1 at 3-4. Title I of the ADA bars discrimination against an individual on the basis of disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A separate provision addresses retaliation and specifies that "[n]o person shall discriminate against any individual because such individual ... made a charge ... under this chapter." *Id.*, § 12203(a). However, states are generally immune from suits

---

[8] Plaintiff's "Motion to Strike Defendant's 'Out of Time' Motion to Dismiss," ECF No. 11, further explained in her "Brief of Intent to Proceed," ECF No. 14, is without merit and will be denied. Plaintiff alleges that the U.S. Marshals effectuated service on WMATA on August 1, 2016, but that WMATA fraudulently postdated their return receipt of service to August 4, 2016. ECF No. 14 at 1. Using August 1, 2016 as the date of service, Plaintiff argues that WMATA's Motion to Dismiss, filed on August 25, 2016, was untimely. *Id.* In support of her allegations, Plaintiff attaches a U.S.P.S. tracking confirmation, which states that an item "was delivered to the mail room at 3:19 pm on August 1, 2016," ECF No. 14-2 at 1, and the U.S. Marshal's signature that the summons was delivered on August 1, 2016. ECF No. 14-1 at 1. However, because service was effectuated by certified mail, the U.S. Marshal did not personally deliver the summons, and, thus, it appears he was merely copying down information regarding delivery from the U.S.P.S. tracking website. Informal receipt of a complaint is insufficient to establish service. *Tinoco v. Thesis Painting Inc.*, No. GJH-16-752, 2016 WL 6495428, at *1 (D. Md. Nov. 1, 2016) (citing *Hill v. Barker*, No. CIV.A. DKC2005-1037, 2005 WL 1271851, at *2 (D. Md. May 26, 2005)). Furthermore, a signed return receipt creates a rebuttable presumption of proper service. *Id.* at *2. Here, Plaintiff has failed to allege sufficient facts to overcome the presumption that service was effectuated on August 4, 2016 when it was signed for by WMATA's agent. ECF No. 13. Because WMATA's Motion to Dismiss was timely filed, Plaintiff's Motion is denied. Plaintiff's additional motions, ECF Nos. 12, 17 and 19 are similarly flawed. In the first motion of the set, ECF No. 12, Plaintiff appears to argue that Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration was untimely. As the Court already addressed Plaintiff's Motion for Reconsideration in a prior Order, ECF No. 10, Plaintiff's motion is denied as moot. Plaintiff's later motions, ECF Nos. 17 and 19, again seek to strike Defendant's Motion to Dismiss as untimely, reiterating the same arguments she raised in her previous motion. As discussed *infra*, such arguments are without merit. Thus, Plaintiff's motions are denied.

under the ADA. *See Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001). As a state entity, WMATA enjoys the immunity afforded to Maryland and Virginia. *Jones v. Washington Metro. Area Transit Auth.*, 205 F.3d 428, 432 (D.C. Cir. 2000) (stating that, as part of WMATA's creation, "Virginia and Maryland each conferred its immunity upon WMATA, which therefore enjoys, to the same extent as each state, immunity from suit in federal court based on its performance of governmental functions."); *Hopps v. Washington Metro. Area Transit Auth.*, 480 F. Supp. 2d 243, 256 (D.D.C. 2007) ("Because WMATA is immune from suit, plaintiff's ADA claim must be dismissed.").

Here, Plaintiff seeks monetary damages regarding WMATA's employment practices related to its performance of governmental functions. *See Maryland v. Washington Metro. Area Transit Auth.*, No. CIV.A. TDC-14-3397, 2015 WL 4389885, at *4 (D. Md. July 13, 2015) (listing "hiring, training, and supervision practices" as governmental functions) (internal citation omitted). As WMATA is immune to such claims, Plaintiff's ADA claims are dismissed with prejudice.

### B. Title VII Claims[9]

Plaintiff claims that Defendant violated her rights under Title VII, alleging two claims of failure to hire regarding her application for the positions of "Sr. Organizational Training Consultant" and "Director of Customer Care" at WMATA. Title VII prohibits employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). To set forth a *prima facie* case of discrimination for failure to hire, a plaintiff must show four

---

[9] Defendant argues that these claims are timed barred because Plaintiff received a right to sue letter regarding these allegations in 2013. See 42 U.S.C. § 2000e–5(f)(1) (plaintiff must initiate civil suit within 90 days of notice of EEOC right to sue letter). However, Defendant fails to address the fact that Plaintiff received a new right to sue letter from the EEOC on June 10, 2016. ECF No. 1 at 1. Based on the record before it, it is unclear to the Court what claims were raised in each EEOC charge or if Plaintiff exhausted her administrative remedies prior to filing this claim. Because the Court finds that Plaintiff did not state a claim, the Court will not decide the issue of exhaustion.

elements: "(1) she is a member of a protected class; (2) her employer had an open position for which she applied or sought to apply; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 959-60 (4th Cir.1996) (citations omitted). Plaintiff has not met this burden.

Here, Plaintiff fails to even allege that she was qualified for the positon of "Sr. Organizational Training Consultant," and merely states in conclusory fashion that she was "qualified to fill [the] position" of "Director of Customer Care," without any reference to her skills, education, or training that would support such an assertion. ECF No. 1 at 6, 8. Further, Plaintiff's Complaint is bereft of any factual allegations that demonstrate that "she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Evans*, 80 F.3d at 959-60. Plaintiff merely states that she applied for two positions at WMATA and was not selected. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, Plaintiff's claims are dismissed.[10]

---

[10] Likewise, Plaintiff's additional claims, relating to an unauthorized background check and WMATA's failure to issue a formal charge of discrimination, assuming they are even within the purview of Title VII, similarly fail as Plaintiff has stated her allegations in conclusory fashion, without any facts to support an inference that such actions were taken because of her race, sex or in retaliation for her "efforts to secure or advance enforcement of the Act's basic guarantees." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63 (2006). Thus, such claims, if cognizable, are also dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 7, shall be granted, and Plaintiff's pending motions, ECF Nos. 11, 12, 17 and 19 shall be denied. A separate Order follows.

Dated: March 13, 2017

_____
GEORGE J. HAZEL
United States District Judge